IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY DARELL TALLIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 3:16cv383-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Anthony Darell Tallie ("Tallie") is before the court on a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Civ. Doc. # 1.[1]

### I. BACKGROUND AND PROCEDURAL HISTORY

On March 15, 2012, Tallie pleaded guilty under a plea agreement to aiding and abetting an attempted motor vehicle theft, in violation of 18 U.S.C. §§ 2119(1) & (2) & 2, and aiding and abetting the brandishing of a firearm to further a crime of violence (carjacking), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2.  Civ. Doc. # 6-3 at 1–21. The plea agreement contained an appeal/post-conviction waiver, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.  Civ. Doc. # 6-2 at 9–10.  Following a sentencing hearing on August 21, 2012, the district court sentenced Tallie

---

[1] References to document numbers assigned by the Clerk of Court in the instant civil action, Civil Action No. 3:16cv383-WKW, are designated as "Civ. Doc. #" while references to document numbers assigned by the Clerk of Court in the underlying criminal case, Case No. 3:11cr8-WKW, are designated as "Crim. Doc. #."  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

to 78 months in prison, comprised of consecutive terms of 37 months for aiding and abetting an attempted motor vehicle theft and 41 months for aiding and abetting the brandishing of a firearm in a carjacking.  Civ. Doc. # 6-4.  The district court entered the judgment on August 24, 2012.  Civ. Doc. # 6-5.  Tallie did not appeal his convictions or sentence.

Over three years later, on November 3, 2015, Tallie filed a *pro se* motion he titled as a "Motion of Reconsideration," in which he asked the district court to grant him leniency and consider his early release based on his rehabilitation in prison, his family's need for his support, and his cooperation with the Government.  Civ. Doc. # 6-8 at 2–3.  The Government filed a response opposing the motion but indicating it would consider whether Tallie might have relief through a motion under Rule 35(b) of the Federal Rules of Criminal Procedure.[2]  Civ. Doc. # 6-6.  On December 14, 2015, the district court entered an order denying Tallie's Motion of Reconsideration "without prejudice to the Government to file an appropriate motion or otherwise notify the court that relief is warranted."  Crim. Doc. # 516.

On December 28, 2015, Tallie filed a *pro se* notice of appeal from the district court's denial of his Motion of Reconsideration.  Crim. Doc. # 517.  The appeal was docketed in the Eleventh Circuit and assigned USCA Case No. 15-15744-E.  *See* Crim. Doc. # 520.  The appellate court appointed attorney Tilden Haywood, who had represented Tallie in his

---

[2] Rule 35(b) permits a district court, upon the Government's motion, to reduce a sentence to reflect a defendant's substantial assistance rendered after the entry of judgment.  Fed.R.Crim.P. 35(b).

2

guilty plea proceedings and sentencing, to represent Tallie in his appeal from the denial of his *pro se* Motion of Reconsideration.  Crim. Doc. # 521.

On March 23, 2016, while Tallie's appeal from the denial of his *pro se* Motion of Reconsideration was pending in the Eleventh Circuit, the Government filed a Motion for Reduction in Sentence under Rule 35(b) of the Federal Rules of Criminal Procedure in which it requested that Tallie's sentence be reduced by seven months based on additional assistance that Tallie had provided to the Government.  Civ. Doc. # 6-8 at 4–7.  Tallie, through Haywood, responded to the Government's Rule 35(b) motion by asking the district court to grant him a more substantial reduction—although he did not request a specific number of months.  Civ. Doc. # 6-8 at 8–11.  On April 12, 2016, the district court granted the Government's Rule 35(b) motion and ordered Tallie's sentence reduced by seven months.  Crim. Doc. # 535.

On May 11, 2016, Haywood filed a "no merit" *Anders* brief[3] in Tallie's appeal from the district court's denial of his *pro se* Motion of Reconsideration.  *See* Civ. Doc. # 6-7.  Haywood identified one potential issue for the Eleventh Circuit's consideration: whether the district court should have construed Tallie's *pro se* Motion of Reconsideration as a motion to compel the district court to invoke its authority to reduce his sentence absent the filing of a Rule 35(b) motion by the Government.  *Id*.  Pursuant to *Anders*, Haywood also asked to withdraw from further representation of Tallie.  *Id*.  On December 5, 2016, the Eleventh Circuit issued an unpublished opinion finding no arguable issues of merit in

---

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

3

Tallie's appeal, allowing Haywood to withdraw as Tallie's counsel, and affirming the district court's judgment denying Tallie's *pro se* Motion of Reconsideration. Crim. Doc. # 539. The Eleventh Circuit's opinion referred to Tallie's *pro se* Motion of Reconsideration as a "construed motion for a sentence reduction under Fed.R.Crim.P. 35(b)." *Id.*

On May 26, 2016, Tallie, acting *pro se*, filed the instant § 2255 motion presenting cursory allegations that his counsel, Haywood, "wouldn't work for me" and was "always in court when my wife called him and when we did get him he lied again/put things off." Civ. Doc. # 1 at 4. Tallie further alleged that Haywood "couldn't focus on my appeal . . . so he withdrew from the case." *Id*. at 6. It is not clear from Tallie's vague allegations whether he asserts that Haywood "wouldn't work" for him (and was therefore ineffective) in his guilty plea proceedings and sentencing or whether he asserts that Haywood "wouldn't work" for him in his appeal from the denial of his *pro se* Motion of Reconsideration.[4]

On the same date that he filed his § 2255 motion, Tallie also filed a motion styled as a "Motion to Correct Sentencing Clerical Error/Amended Judgment," in which he presented a claim that four criminal history points were improperly attributed to him in his Presentence Investigation Report ("PSI"), causing his criminal history category to be overstated for purposes of sentencing. Civ. Doc. # 3. This court construed the motion as an amendment to Tallie's § 2255 motion. *See* Civ. Docs. # 4 & 9.

---

[4] Tallie's appeal from the denial of his *pro se* Motion of Reconsideration was still pending in the Eleventh Circuit when he filed his § 2255 motion in this court.

After the Government filed a response to Tallie's § 2255 motion in which it argued, among other things, that the motion was time-barred under AEDPA's one-year limitation period, this court directed Tallie to show cause why his § 2255 motion should not be dismissed on grounds of untimeliness. Civ. Docs. # 6 & 10. On December 12, 2016, Tallie filed a response that included a new claim asserting that the district court's application of a four-level enhancement under U.S.S.G. § 2B3.1(b)(3)(B), for causing serious bodily injury to the carjacking victim, violated the holding in *Johnson v. United States*, 135 S.Ct. 2251 (2015). Civ. Doc. # 11. The undersigned considers Tallie's § 2255 motion to be before the court on Tallie's claims of (1) ineffective assistance of counsel, (2) error in the calculation of his criminal history category, and (3) a violation of *Johnson*. For the reasons that follow, it is recommended that Tallie's § 2255 motion be denied without an evidentiary hearing and this case be dismissed with prejudice.

## II. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

5

>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the court entered judgment in Tallie's case on August 24, 2012. Tallie did not appeal his convictions or sentence. When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Tallie had 14 days from the date of the judgment of conviction to file an appeal. *See* Fed.R.App.P. 4(b)(1)(A). Therefore, his judgment of conviction became final 14 days after the district court's August 24, 2012 entry of judgment—that is, on September 7, 2012. Under 28 U.S.C. § 2255(f)(1), Tallie had until September 9, 2013 (the first business day after September 7, 2013), to file his § 2255 motion. He filed his § 2255 motion on May 26, 2016.

As noted above, on April 12, 2016, approximately six weeks before Tallie filed his § 2255 motion, the district court granted the Government's Rule 35(b) motion and ordered Tallie's sentence reduced by seven months. That Rule 35(b) sentence reduction, however, did not affect the finality of Tallie's judgment of conviction for purposes of AEDPA's limitation period.

> [18 U.S.C.] Section 3582 states that although a district court may "modify" a "sentence to imprisonment" under Rule 35(b), a "judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*." 18 U.S.C. § 3582(b)–(c) (emphasis added). The plain and

> obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S.Ct. 755, 760, 142 L.Ed.2d 881 (1999) (explaining that statutory construction begins with the language of the statute and when that language "provides a clear answer, it ends there as well") (internal quotation marks omitted). The Senate Report accompanying § 3582 confirms that the plain meaning of the statute accords with Congress's intent. Congress explained that subsection (b) makes "clear" that though a prison sentence could be "modified" after imposition by way of " 'three safety valves,'" including Rule 35(b), the "judgment of conviction is final." S.Rep. No. 98–225, at 96 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3304.13
>
> In view of the traditional rule that a final judgment in a criminal case includes both the conviction and sentence, Congress understandably sought to assure that the use of Rule 35(b) to modify a sentence would not impact the finality of the judgment of conviction. Had Congress not done so, a defendant could have argued that a sentence modification entitled him to a new direct appeal where he could challenge anything that could have been challenged on a first direct appeal. Congress short-circuited this by unambiguously declaring that a Rule 35(b) modification does not affect the finality of the judgment for "any other purpose." 18 U.S.C. § 3582(b).
>
> Plainly, AEDPA's one-year statute of limitations falls within the category of "any other purpose." *United States v. Sanders*, 247 F.3d 139, 142–144 & n.2 (4th Cir. 2001). Therefore, a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the "finality" of a defendant's "judgment of conviction" and does not alter the "date on which the judgment of conviction becomes final" for the purposes of the statute of limitations. *Id*. (internal quotation marks omitted).

*Murphy*, 634 F.3d at 1308–09 (footnotes and internal citation omitted).

Because Tallie's judgment of conviction became final on September 7, 2012, and because a Rule 35(b) reduction does not constitute a new judgment restarting the § 2255

7

statute-of-limitations clock, Tallie's § 2255 motion filed on May 26, 2016, is time-barred under AEDPA's one-year limitation period.[5]

One of Tallie's § 2255 claims is that the district court's application of a four-level enhancement under U.S.S.G. § 2B3.1(b)(3)(B), for causing serious bodily injury to the carjacking victim, violates the holding in *Johnson v. United States*, 135 S.Ct. 2251 (2015). In *Johnson*, which was decided June 26, 2015, the Supreme Court held that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *See* 135 S. Ct. at 2557–59. In April 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016). Because *Johnson* was decided on June 26, 2015, inmates wishing to assert claims under *Johnson* in collateral proceedings were required under 28 U.S.C. § 2255(f)(3) to present such claims by June 27, 2016. Tallie first asserted his *Johnson* claim

---

[5] The Eleventh Circuit has stated:

> [I]t is impossible for the "the validity of the underlying conviction, and, indeed, of the sentence itself" to be at issue in a Rule 35(b) proceeding. [S]*ee United States v. White*, 251 Fed. Appx. 658, 659 (11th Cir. 2007) ("Contrary to White's assertion, Rule 35(b), by its own terms, provides for a reduction of a sentence, not the vacating of a sentence and a resentencing."). If the validity of the underlying conviction or sentence cannot be at issue in a Rule 35(b) proceeding, it makes no sense to say that a Rule 35(b) reduction constitutes a genuine "resentencing" that gives rise to a new "judgment" that imprisons the § 2255 movant. *See Berman v. United States*, 302 U.S. 211, 212–14, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937) (holding that once a sentence is imposed, it is a valid final judgment until it is reversed or vacated). Instead, a defendant imprisoned by a sentence that has been reduced under Rule 35(b) is still serving the original, valid, and final judgment of conviction and sentence.

*Murphy*, 634 F.3d at 1313–14.

in this court on December 12, 2016, making his claim untimely under § 2255(f)(3).[6] Moreover, Tallie's attempted reliance on *Johnson* to challenge the district court's application of an enhancement under the Sentencing Guidelines is misplaced. *Johnson* does not extend to guideline sentence enhancements. *See Beckles v. United States*, 137 S. Ct. 886, 892–96 (2017); *Johnson*, 135 S. Ct. at 2563. Tallie is entitled to no relief on this claim.

Tallie's § 2255 motion includes allegations that that his former lawyer, Haywood, rendered ineffective assistance of counsel. As previously noted, it is not clear from Tallie's cursory allegations whether Tallie maintains Haywood performed deficiently in his guilty plea proceedings and sentencing, or whether he maintains Haywood performed deficiently as his counsel in his appeal from the denial of his *pro se* Motion of Reconsideration filed in November 2015.[7] It is clear, however, that any claim by Tallie that Haywood was

---

[6] Tallie sets forth no facts or argument to establish that he may use 28 U.S.C. § 2255(f)(2) or § 2255(f)(4) as a triggering event for statute of limitations purposes. Specifically, he has not shown that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date, *see* § 2255(f)(2), or that the facts supporting his claims could not have been discovered earlier by exercising due diligence, *see* § 2255(f)(4). While the limitation period in AEDPA may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence," *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), Tallie neither demonstrates nor asserts that he is entitled to equitable tolling of the limitation period for filing his § 2255 motion. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

[7] Although Tallie's *pro se* Motion of Reconsideration was not styled as a Rule 35 motion, 18 U.S.C. § 3582(c)(1)(B) provides that "The court may not modify a term of imprisonment once it has been imposed except . . . to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Crim. Doc. # 539. In its opinion affirming the district court's denial of Tallie's *pro*

ineffective in his guilty plea proceedings and sentencing is time-barred under AEDPA, because such a claim concerns Haywood's performance relating to a judgment that, as discussed above, became final on September 7, 2012, and could not be collaterally attacked after September 9, 2013. Further, although the Eleventh Circuit appointed Haywood to represent Tallie in his appeal from the denial of his *pro se* Motion of Reconsideration, Tallie had no constitutionally recognized right to the effective assistance of counsel in proceedings related to his *pro se* Motion of Reconsideration. The Eleventh Circuit has held that a defendant has neither a Sixth Amendment right nor a due process right to representation by counsel in proceedings related to a Rule 35(b) motion (and by extension, would have no concomitant right to effective assistance of counsel in such proceedings). *United States v. Orjuna*, 351 F. App'x 418, 420 (11th Cir. 2009). In so holding, the Eleventh Circuit has followed the line of reasoning set forth by its sister circuits addressing this issue. *See United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005) (explaining that "because a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori,* he has no such right when the government makes a motion which can only benefit him by reducing his already final sentence"); *United States v. Palomo*, 80 F.3d 138, 142 (5th Cir.1996) ("The fact that a Rule 35(b) sentence reduction affects the inmate's sentence is of itself insufficient to trigger a due process right to counsel in the proceedings—in a Rule 35(b) proceeding the

---

*se* Motion of Reconsideration, the Eleventh Circuit referred to the motion as a "construed motion for a sentence reduction under Fed.R.Crim.P. 35(b)." Crim. Doc. # 539.

10

inmate faces no new threat of additional loss of liberty and indeed is given the opportunity to obtain a lighter sentence."). This court also has previously found that no right to counsel attaches to Rule 35 proceedings. *See United States v. Jackson*, 2007 WL 1125646, at *1 (M.D. Ala. Apr. 16, 2007); *Peagler v. United States*, 2009 WL 1383325, at *4 (M.D. Ala. May 15, 2009) ("To the extent that Peagler challenges the performance of his counsel with regard to the Rule 35(b) sentence reduction, his claims fail because no right to counsel attaches to Rule 35 proceedings.").

While this court is unsure of the proper vehicle, if any, for Tallie to assert a claim that Haywood rendered ineffective assistance of counsel in his appeal from the denial of his *pro se* Motion of Reconsideration, the court can say with confidence that the instant § 2255 motion is not the proper vehicle. Finally, and in any event, Tallie's allegations regarding Haywood's actions are simply too vague to establish that Haywood's performance fell below an objective standard of reasonableness. His conclusory allegations of poor performance are insufficient to satisfy *Strickland*'s prejudice standard, as he has not submitted any evidence or articulated how Haywood might have acted otherwise to cause his sentence to be further reduced.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Tallie be DENIED and this case DISMISSED with prejudice because the § 2255 motion is untimely under the limitation period in 28 U.S.C. § 2255(f) and Tallie's claims otherwise lack merit.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 26, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of June, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE